IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RUSSELL HOLLIDAY,**                                                                 **PETITIONER**
**ADC # 171511**

VS.                              No. 4:23-CV-00418-BRW-ERE

**DEXTER PAYNE,**
**Director Arkansas Division of Correction**                         **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**I.     SUMMARY**

Petitioner Russell Holliday, an Arkansas Division of Correction inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because it plainly appears from the petition and attached exhibits that Mr. Holliday is not entitled to relief, the petition should be summarily dismissed, without prejudice.

1

## II. BACKGROUND

On October 6, 2021, Mr. Holliday fled on a motorcycle when the Chief of Police for Guy, Arkansas, Christopher Humphrey, attempted to stop him. *Doc. 1 at 4*. The next day, Mr. Holliday was charged with several misdemeanor traffic violations in the Guy District Court in Faulkner County, Arkansas, case number GYC-21-497.[1]

On October 12, 2021, Mr. Holliday was charged in the Circuit Court of Faulkner County, Arkansas, case number 23CR-21-1028, with felony fleeing related to the October 6 incident and other crimes.

On February 15, 2022, Mr. Holliday pleaded not guilty to the misdemeanor charges then pending against him in case number GYC-21-497, and those charges were eventually dismissed.[2]

On May 2, 2022, Mr. Holliday pleaded guilty to felony fleeing, violation of a no contact order, and failure to appear in case number 23CR-21-1028, and he received a five-year prison sentence. *Doc. 1 at 25-34*. Mr. Holliday did not file a direct appeal from his conviction or sentence.

---

[1] The Arkansas Constitution grants state district courts "original jurisdiction, concurrent with [state] Circuit Courts, of misdemeanors . . . ." Ark. Const. amend. 80, §§ 7(B).

[2] Relevant information from Mr. Holliday's criminal cases is taken from publicly available information at https://caseinfo.arcourts.gov/cconnect/PROD/public, case numbers GYC-21-497 and 23CR-21-1028. The record available online for case number GYC-21-497 shows that the misdemeanor charges against Mr. Holliday were *nolle prossed* on January 17, 2023.

On August 8, 2022, Mr. Holliday submitted a motion for a speedy trial for filing in the Guy District Court. *Doc. 1 at 12-15*. The motion, as submitted, referenced case number GYC-21-497, but the Faulkner County Circuit Clerk filed Mr. Holliday's motion in case number 23CR-21-1029, the case in which he pleaded guilty to felony fleeing on May 2, 2022. *Id. at 13*.

In its response to Mr. Holliday's motion for a speedy trial, the State noted that: (1) Mr. Holliday was originally charged in Guy District Court in case number GYC-21-497 regarding the October 6, 2021 fleeing incident; and (2) on May 2, 2022, Mr. Holliday pleaded guilty to superseding charges in the Circuit Court of Faulkner County, case number 23CR-21-1028. *Doc. 1 at 16*. On October 5, 2022, the Circuit Court denied Mr. Holliday's motion for a speedy trial.

On May 17, 2023, Mr. Holliday filed a Rule 37 petition in case number 23CR-21-1028, asserting unlawful arrest, prosecutorial misconduct, and violation of his rights under the Double Jeopardy Clause. On May 20, 2023, the State filed a response, asserting that Mr. Holliday's Rule 37 petition should be denied as untimely. As of the date of this Recommendation, Mr. Holliday's Rule 37 petition remains pending.

On May 3, 2023, Mr. Holliday filed the § 2254 petition now before the Court, alleging that: (1) he was charged twice for the same crimes in violation of the Double

Jeopardy Clause (*Doc. 1 at 4-5*); and (2) his motion for a speedy trial filed on August 8, 2022 was altered in violation of his right to due process. *Id. at 7-9*.

## III.   DISCUSSION

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") provides that a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." This standard, more demanding than notice pleading, requires that "a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified [and] . . . consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).  Under Habeas Rule 4, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition" without ordering a responsive pleading.

For reasons that follow, it plainly appears that Mr. Holliday is not entitled to habeas relief, and his petition should be dismissed without prejudice.

### A.   **Double Jeopardy**

Mr. Holliday alleges that on October 6, 2021, Chief Humphrey stopped him and filed a misdemeanor fleeing charge against him, but a Faulkner County deputy became involved and caused him to be charged with felony fleeing. According to

Mr. Holliday, he was charged twice for the same offense, which he contends is a violation of the Double Jeopardy Clause.

The Fifth Amendment's Double Jeopardy Clause, applicable to the states via the Fourteenth Amendment, prohibits successive prosecutions and cumulative punishments. Specifically, the Double Jeopardy Clause provides protection from: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution after conviction; and (3) protection from multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984) (citations omitted).

Mr. Holliday was not subject to successive prosecutions or multiple punishments. He pleaded guilty to felony fleeing, violation of a no contact order, and failure to appear in case number 23CR-21-1028, and the misdemeanor traffic charges initially filed against him in case number GYC-21-497 were eventually dismissed. It plainly appears from Mr. Holliday's petition, attached exhibits, and state court records that his Double Jeopardy claim is without merit.

B.   **Due Process**

Mr. Holliday claims that his right to due process was violated when he submitted a motion for speedy trial in the Guy District Court, case number GYC-21-497, on August 8, 2022, and "Faulkner County" changed the case number to 23CR-21-1028 and filed his motion in that case. *Doc. 1 at 7, 12*. Mr. Holiday contends

that changing the case number on his motion was "clearly illegal and a due process violation . . . . " *Id.* at 7.

Section 2254 authorizes a federal court to "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Here, Mr. Holliday is in custody pursuant to the judgment in case number 23CR-21-1028, entered as a result of his pleading guilty to felony fleeing and other crimes. Any issues regarding the Faulkner County Clerk's handling of Mr. Holliday's motion for a speedy trial, which he submitted for filing in a separate, misdemeanor case that was ultimately dismissed after he pleaded guilty in case number 23CR-21-1028, cannot serve as a basis for setting aside his conviction. Mr. Holliday's allegations fail to give rise to an independent due process claim cognizable in federal habeas.

## IV. CONCLUSION

IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DISMISSED WITHOUT PREJUDICE and the requested relief be DENIED.

IT IS FURTHER RECOMMENDED that a Certificate of Appealability be DENIED.³

Dated 21 June 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

³ A Certificate of Appealability should be denied because Mr. Holliday has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).